CASE 32—PETITION EQUITY—JUNE 21.

## Moore vs. Hagan.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The execution of process or notice, on which any legal proceedings are to be founded, on *Sunday*, is void. (2 *Rev. Stat.*, p. 347.)

2. The *holiday* mentioned in the Civil Code (*secs.* 732, 733) means a day dedicated by usage to amusement and festivity, and does not include *Sunday*.

T. W. RILEY for appellant.

L. N. DEMBITZ, for appellee, cited 1 *Met.*, 151; *Civ. Code, secs.* 733, 734.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, *Catherine A. Moore*, on the 13th of February, 1866, filed a petition in equity in the chancellor's court of the

city of Louisville against the appellee, *Charles Hagan*, alleging that, on Sunday, the 28th of January, 1866, he sued her son, before a justice of the peace of Jefferson county, on an account for $98 85; and, by his affidavit that he would lose the debt unless his debtor should be arrested on that day, he procured a warrant for the arrest, and, by the justice's authority, made the arrest himself unlawfully on that same day, and threatening to put her son in jail, refused to release him unless she would pay $10 for costs and execute her own note to him for $98 85, which, under duress, and for no other consideration than her son's release from illegal imprisonment, she accordingly did; and, therefore, praying for a cancellation of the note, and a restitution of the extorted ten dollars.

Considering Sunday a holiday as contemplated by the Code, the chancellor sustained a demurrer to the petition, and dismissed it absolutely.

If, as the demurrer admits, the allegations of the petition are true, the note and the payment of the $10 were illegally extorted; and the appellant is entitled to relief.

The Christian Sabbath is wisely recognized by law as "*a day of rest*," to be devoted to religious contemplation and observance, free from secular disturbance. And, to aid in securing it against desecration, the Revised Statutes of Kentucky (*p.* 347, *sec.* 12, *Stanton's R. I., vol.* 2) provides, that "No process or notice, on which any legal proceedings are to be founded, shall be executed on Sunday; the execution of either on that day *shall be void*."

The 732d section of the Civil Code provides, that "It shall be no objection to any process, writ or summons, affidavit, order for a provisional remedy, that it was issued, made, or dated on a holiday." And 733d section provides, that "A summons or order for a provisional remedy may be issued on a holiday where an affidavit of the plaintiff, or some other person, is made to the effect that, unless it is issued on that day, there is reasonable cause to believe that it cannot be executed."

The holiday here contemplated is not the Christian Sabbath. In both the popular and the legal sense, a holiday is a

day dedicated by usage, not to rest and religious devotion, but to amusement and festivity, marked by the general liberty and hilarity of all classes of the people. As early as the reign of Edward the VI England established holidays by law; but, in the statutory enumeration of such free days, *Sunday was not included*. The laws of England do not, therefore, recognize Sunday as a holiday.

And in this country, too, certain memorable days—as, for example, the 4th of July and Christmas—have been long and emphatically observed as holidays, *but Sunday never*.

In some of the American States there is statutory permission of service of process in special cases on the Sabbath; but, in every instance, "Sunday," and not "holiday," is the word used. Before the adoption of our Code, legal process on Sunday was unlawful, but as lawful on a holiday as on any other secular day. In prohibiting it also on holidays, unless the required affidavit shall have been made, why did the Code leave out Sunday? If it contemplated the legalization of process on the Sabbath also, why did not the Code expressly, as statutes in some other States, add "and Sunday?" If the codifiers had intended to relax the statute consecrating the Sabbath, they ought to, and, as we must presume, would, have said so expressly. And we can see no pretext for adjudging a constructive modification or relaxation of such an enactment. Nor can we perceive how or why Sunday shall be treated as a holiday, or a holiday shall be considered as synonymous with Sunday. Neither the Revised Statutes nor the Code seem so to consider them, or ever to treat Sunday as a holiday. And in this respect there is no conflict, but perfect harmony between them—each unmodified by the other, and both altogether consistent, and each, as prescribed, the law of Kentucky—the one applying exclusively to Sundays as sacred, and the other to holidays as secular.

Wherefore, the warrant was void and the arrest illegal.

The judgment is therefore reversed, and the cause remanded for further proceedings.